Ruffin, C. J.
 

 As the bill is framed it cannot be supported, we think, and the demurrer ought to have been sustained. Supposing the distributive share of an intestate’s estate, consisting, as far as appears, of money alone in the hands of the administrator, to be such an interest as can be called the equitable property of the debtor, and as such applied to the,discharge of judgment debts., yet
 
 *222
 
 it is clear, that the creditor must shew, that he is unable to obtain satisfaction by execution at lay, before he is in a condition to ask the extraordinary aid of this Court. For it is settled, that a Court of Equity cannot interpose in behalf of a legal demand, until the "creditor has tried the legal remedies, and they have proved ineffectual. It is necessary, therefore, that the creditor, should in all instances have reduced his demand to judgment, and that he should further shew, that he issued an execution, and either that it was returned
 
 nulla
 
 bona, or that the debtor had not a legal title to any property, but only the equitable property out of which satisfaction is sought in Equity.
 
 Harrison
 
 v.
 
 Battle,
 
 1 Dev. Eq. 537,
 
 Brown
 
 v.
 
 Long,
 
 1 Ire. Eq. 191. In this case a return of
 
 nulla bona
 
 was once made upon an execution taken out on the plaintiff’s judgment, and on that, the plaintiff might have come here against the debtor’s equitable property, if nothing more had occured. But the bill states, that at the return of that execution the debtor was entirely insolvent and had no property of any kind until 1846, -when the judgment had become dormant, and that then George Means died, entitled both to a large real and personal estate ; and it prayed satisfaction out of the- debtor’s distributive share of the latter without in any manner giving a reason, why the plaintiff could not, by reviving their judgment and suing execution, obtain satisfaction out of the share of the real estate descended to the debtor. It may be, that the debtor had disposed of the land ; and, if so, the Court below would probably allow the bill to be amended, so as to introduce a charge to that effect, notwithstanding the demurrer, at least, upon terms.- But this Court cannot take any step of that sort, as the case is here upon appeal from an interlocutory decree; and, without an amendment and in the present form of the bill, it would appear, that the plaintiff might have had an effectual remedy by execution on the judgment, and, therefore,
 
 *223
 
 that there is no ground for the interposition of the Court of Equity.
 

 The decree overruling the demurrer was therefore, erroneous, which must be accordingly certified to the Court of equity. The plaintiff must pay the costs in this Court.
 

 Per Curiam.
 

 Ordered accordingly.